UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------X
Fatima Massey

                        Plaintiff,                                    **FIRST AMENDED COMPLAINT**

       -against-                                                13-CV-7027 (CBA) (MDG)

THE CITY OF NEW YORK, NEW YORK CITY POLICE       **JURY DEMAND**
DEPARTMENT, NYPD OFFICER ANITA SANDOVAL SHIELD
12477, NYPD OFFICER RICHARD RILEY SHIELD 30652

                         Defendants.
-----------------------------------------------------------------------------------------X

        The Plaintiff, Fatima Massey, by her attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

        1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officers Sandoval and Riley, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION and VENUE

        2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

        3.      Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendant NEW YORK CITY POLICE OFFICERS Sandoval and Riley, have their Precinct within the boundaries of said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## NOTICE OF CLAIM

        4.      A notice of claim was duly filed with the City of New York within the relevant statutory period, a 50-hearing has occurred, more than 30 days have elapsed since such filing, and the City has inadequately offered to settle Plaintiff's state law claims.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers Sandoval and Riley, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a petite African-American single mother and a licensed EMT who has never had any contact with the criminal justice system. During the time of the incident Plaintiff was laid off from work and was attending a Back-To-Work program through CAMBA at the Career Educational Consultants program at 240 Flatbush Avenue, Brooklyn, NY.

12. On Wednesday 3 October 2012, Plaintiff was at her program, seated, waiting to have a discussion with a supervisor when, for no valid whatsoever, Defendants Sandoval and Riley entered the lobby of the program office and surrounded Plaintiff.

13. Defendant Sandoval, a white female police officer, saw the supervisor approaching Plaintiff and instructed the supervisor to leave the area. Defendant Riley, a large heavy-set white male officer, then swore more than once at Plaintiff and then grabbed Plaintiff by her right hand and pulled her out of her chair and slammed her against a wall.

14. Defendant Riley then picked up Plaintiff and slammed her onto the floor facedown.

15. Defendant Riley then got on top of Plaintiff and dug his knees into her back, pressing all his body weight on her, and handcuffed her behind her back, purposely cuffing Plaintiff's left handcuff too tight.

16. Defendant Riley then yanked Plaintiff off the floor by the links of the handcuffs.

17. When Plaintiff complained about pain to her left wrist, Defendant Riley used the F word and tightened the cuff even more.

18. Defendant Riley then escorted Plaintiff to the elevator and grabbed Plaintiff's buttocks and reached his hands between Plaintiff's legs and felt around her crotch.

19. When Plaintiff told Defendant Riley to stop feeling her up, Defendant Riley told her to shut up, and that he had the right to search her; but then he instructed Defendant Sandoval to finish searching Plaintiff.

20. When the elevator came, Defendant Riley slammed Plaintiff into the elevator button panel, and continued pushing Plaintiff around inside the elevator, slamming Plaintiff's breasts into the buttons, hitting the emergency stop.

21. Defendant Riley then placed his arm against Plaintiff's back and pressed his weight against her so she couldn't breathe. When Plaintiff tried to turn her head to the side to breathe, Defendant Riley told her to stop moving or he would take her down.

22. Defendant Riley then had to radio for the fire department to rescue them.

23. When they were finally rescued, Plaintiff informed a police sergeant who had had arrived at the scene that her cuffs were too tight; he refused her request to loosen them but promised they would be removed once she was at the precinct.

24. Plaintiff then requested medical attention of Defendants Sandoval and Riley and was denied.

25. Once at the precinct Defendant Riley escorted Plaintiff to the front desk and slammed her into the desk.

26. Plaintiff again requested medical attention and was again denied treatment by Defendants Sandoval and Riley.

27. At the precinct when another officer asked Plaintiff if she needed to make arrangements for any children, Defendant Riley interrupted the conversation and threatened to call ACS to take custody of her child.

28. When Defendant Sandoval attempted to fingerprint Plaintiff, she yanked and twisted Plaintiff's bruised and swollen left arm and wrist.

29. When Plaintiff complained about feeling pain and numbness, Defendant Sandoval ignored her and continued yanking and twisting Plaintiff's arm.

30. Another female officer was called over to assist in the fingerprinting, and the first thing that officer said to Defendant Sandoval was what's wrong with Plaintiff's wrist. That officer then gently worked with Plaintiff to get the fingerprints.

31. Plaintiff was eventually escorted to Central Booking, and was arraigned and released. Her public defender simply informed her that her case was being dismissed in six months.

32. By that time Plaintiff remained falsely incarcerated for approximately 16 hours.

33. Plaintiff then went back to the precinct to get her belongings and discovered none of her property had been vouchered; it had been tossed into a large bag containing other people's property as well.

34. The next morning Plaintiff went to her doctor and was treated for soft tissue damage, pain to her back and wrist, and required physical therapy and prescription pain killers.

35. Plaintiff also required a nerve conduction test for her left wrist and discovered the police caused injuries including carpal tunnel.

36. Plaintiff still has pain in her left wrist to this day.

37. Plaintiff was completely exonerated by the Back to Work Program headquarters who investigated the incident and found Plaintiff had done nothing wrong. They waived her program requirements and approved her for full benefits and waived her work requirements due to the injuries caused by the defendants.

38. Plaintiff called the 73 Precinct to report the criminal behavior of the police; they sent two officers to her house who refused to take the complaint against their fellow officers.

39. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

40. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

41. Defendants Sandoval and Riley subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

42. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

43. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged by all Defendants in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION

(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

44. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

45. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

46. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

47. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

48. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct. Defendant CITY OF NEW YORK committed intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and disciple its agents, servants, and/or employees with regard to their aforementioned duties.

49. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

50. Defendants subjected Plaintiff to false arrest and false imprisonment.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

52. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

53. Defendants Sandoval and Riley subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

54. That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

55. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of all the defendants, including CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION

(FOURTEENTH AMENDMENT)

56. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

57. Defendants Sandoval and Riley subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

58. That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

59. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of all Defendants in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(ASSAULT)

60. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

61. That the Court has pendant jurisdiction of this claim.

62. That as a result of the foregoing, Defendants Sandoval and Riley intentionally assaulted Plaintiff and put Plaintiff in fear and fright of imminent physical harm.

63. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of all Defendants, in the amount of One Million ($1,000,000.00) Dollars.

## SIXTH CAUSE OF ACTION
(BATTERY)

64. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

65. Defendants Sandoval and Riley battered the Plaintiff.

66. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of all Defendants in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

67. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

68. Defendants Sandoval and Riley caused a false accusatory instrument to be filed against Plaintiff.

69. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

70. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

71. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## EIGHTH CAUSE OF ACTION

(Conditions of Confinement/Deliberate Indifference to Medical needs)

72. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

73. Plaintiff was denied medical treatment at the scene of her unlawful arrest.

74. Plaintiff was denied medical treatment at the precinct.

75. Plaintiff was denied food and water at the precinct.

76. Plaintiff suffered from the lack of food and water and defendants did not care about her welfare.

77. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested for a serious crime.

78. After the arrest, plaintiff suffered pain about the body and wrist.

79. Defendants knew about plaintiff's condition but failed to take corrective actions to accommodate her.

80. As a result of defendants' conduct, plaintiff suffered injuries.

## NINTH CAUSE OF ACUTION

(DENIAL OF A FAIR TRIAL)

81. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

82. Defendants' misrepresentations about Plaintiff to prosecutors deprived Plaintiff of liberty because she was required to appear in court after the misrepresentations were made.

83. Accordingly, defendants are liable to Plaintiff under the Sixth Amendment for denying her a fair trial.

85. As a result of these attacks, plaintiff suffered among other things laceration to her lip and face, swollen eyes and other injuries.

## TENTH CAUSE OF ACTION

(Cruel and Unusual Punishment)

86. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

87. During Plaintiff's apprehension she was assaulted, molested, and injured by Defendants Sandoval and Riley as detailed above.

89. Plaintiff was denied adequate medical attention and her condition worsened.

90. As a result of defendants' conduct, plaintiff unnecessarily suffered cruel and unusual punishment.

## ELEVENTH CAUSE OF ACTION

(Negligence)

91. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

92. Defendants' owed a duty to plaintiff who was a prisoner in the custody and care of defendants.

93. Defendants breached their duty to plaintiff.

94. As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 21 May 2014
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff